IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JUN 18 2010

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 1:09cr75 (LMB) |
| | ) 1:10cv573 |
| ANDREW WOODS KACVINSKY, | ) |
| Defendant. | ) |

MEMORANDUM OPINION

Andrew Woods Kacvinsky, proceeding pro se, has filed a timely Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Motion to Vacate) [63] in which he argues that he was denied due process and the effective assistance of trial counsel in connection with his guilty plea and sentence. Citing to various American Bar Association Standards Relating to the Defense Function, Kacvinsky generally complains that his retained counsel failed to keep him and his parents informed of developments in the case and failed to comply with their requests for information. He also alleges that counsel did not investigate the case properly, mischaracterized the probable sentencing outcome, and failed to object to unspecified material in the Presentence Report ("PSR"). He also maintains that the Court did not properly consider the sentencing factors in 18 U.S.C. § 3553(a) before imposing the sentence. For the reasons

stated below, these claims will be summarily dismissed without a response from the United States.[1]

## I. Background

On March 17, 2009, Kacvinsky, who was represented by Dickson J. Young, pled guilty under a written plea agreement to a one-count indictment charging him with conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Kacvinsky was clearly placed on notice in the Plea Agreement that a statutory mandatory minimum sentence of five years imprisonment applied to that offense. Plea Agreement ("Plea Ag.") at ¶ 1. Moreover, Kacvinsky, who is a high school graduate with some college education, acknowledged during his plea colloquy that he understood the mandatory minimum sentence was five years. Transcript of Plea Proceeding, March 17, 2009 ("Pl. Tr.") at 3, 9, 12. As part of his plea agreement, Kacvinsky waived his right to appeal his conviction and any sentence within the statutory maximum, which was forty years of imprisonment. (Plea Ag. at ¶ 6.) Additionally, the Plea

---

[1] Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Agreement included an attestation that Kacvinsky was satisfied that his attorney rendered effective assistance, and Kacvinsky also swore to this statement under oath in court. (Plea Ag. at ¶ 4; Pl. Tr. at 19.) The PSR calculated the offense level as 25, Kacvinsky's criminal history category was III, and the resulting advisory Sentencing Guideline range was 70 to 87 months incarceration. The United States sought a sentence within the Guideline range. However, considering Kacvinsky's young age (he was 21 years old) and role in the offense, the Court sentenced him below the range to the statutory minimum of five years.

## II. Discussion

To be entitled to relief under § 2255, a prisoner must demonstrate either a lack of jurisdiction by the convicting court, a constitutional error, or a legal error so grave as to be a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979). It is only these "fundamental" or constitutional errors that a court may consider on collateral review.

### 1. Ineffective Assistance of Counsel Claims

Kacvinsky does not allege that the Court lacked jurisdiction or that a fundamental legal error occurred, rather he alleges that his trial counsel was constitutionally ineffective in failing to keep him and his parents informed, by inadequately

3

investigating the case and during the sentencing process. To succeed on an ineffective assistance of counsel claim, a movant must satisfy the two-prong test established in Strickland v. Washington, 466 U.S. 668 (1984). First, he must show that counsel's performance was "deficient." Id. at 687. Deficient performance is shown when "the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." Id. at 690. However, counsel is "strongly presumed to have rendered adequate assistance." Id. Second, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. When a prisoner challenges a conviction resulting from a guilty plea, Strickland's second prong requires the movant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). Kacvinsky has the burden of proving both of these prongs.

Kacvinsky has not articulated any details to support his allegations of ineffective assistance. For example, although he complains that counsel failed to keep him informed, he does not describe what developments in the case counsel failed to communicate. He also does not describe what information he asked

counsel to pursue. Moreover, during his plea colloquy, Kacvinsky told the Court that he had had the plea agreement under consideration for several weeks before he appeared in court. (Pl. Tr. at 6.) He also admitted that he had "thoroughly" discussed the plea agreement with his counsel, had asked counsel about the plea agreement, and that counsel had answered all his questions to his satisfaction. (Id. at 6-7.)

Later in the colloquy, Kacvinsky admitted that he told his counsel everything he knew about the case, that counsel had discussed the nature of the charge and any possible defenses to the charge, and that he was fully satisfied with the way counsel had been representing him. Id. at 19. When a defendant states under oath during a Rule 11 plea colloquy that he is satisfied with his attorney's performance, he is normally bound to the statement unless he can present "clear and convincing evidence to the contrary." Fields v. Att'y Gen. of Md., 956 F.2d, 1290, 1299 (4th Cir. 1992). Kacvinsky has not alleged any facts that would support any finding to the contrary.

Kacvinsky's complaint about counsel's performance in relation to the sentencing hearing suffers from the same vagueness problem. Although he alleges that counsel failed "to object to a materially inaccurate allegation" in the PSR, he has not identified any inaccurate aspect of the PSR that his counsel

5

should have corrected, nor has he explained why he did nothing to correct the record when he spoke at the sentencing hearing. Although not explicitly articulated by Kacvinsky, he may be trying to argue that his counsel misadvised him about eligibility for the Safety Valve.[2] However, such a claim would fail for two reasons. First, the Fourth Circuit generally does not find that counsel's inaccurate predictions about the sentence constitute ineffective assistance. See, e.g., United States v. Foster, 68 F.3d 86-88 (4th Cir. 1995); United States v. Lambey, 974 F.2d 1389, 1395-96 (4th Cir. 1992) (finding no ineffective assistance when defendant pled guilty upon counsel's predicting a guideline range of 78-108 months and the actual sentence imposed was 360 months).

Second, both the Plea Agreement and the plea colloquy establish that Kacvinsky's eligibility for the Safety Valve was discussed and that he was on clear notice that there was no

---

[2] Under U.S.S.G. § 5C1.2, a court may sentence below a mandatory minimum if the court finds that a defendant meets all of five specified conditions, the first of which is that the defendant's criminal history cannot include more than 1 point. The Plea Agreement provided that movant "may be 'Safety Valve' eligible," but did not guarantee that movant would qualify. (Plea Ag. at ¶ 5(b).) Moreover, movant acknowledged during the plea colloquy that he understood that " . . . there's no guarantee or promise that the Safety Valve will be used in this case. That's not part of this plea agreement." (Pl. Tr. at 12.) As the PSR established, movant had several criminal history points which placed him in a Criminal History III category and rendered him ineligible for the Safety Valve.

guarantee he qualified for it or that it would be applied. Moreover, he was advised that not receiving the Safety Valve adjustment would not entitle him to withdraw his guilty plea. (Pl. Tr. at 11-12.)

2. Sentencing Claims

Kacvinsky asserts that the Court failed to consider properly the § 3553(a) factors and the Supreme Court's ruling in <u>United States v. Booker</u>, 543 U.S. 220 (2005), when sentencing him to five years imprisonment. In particular, Kacvinsky complains that another defendant in the case, Kevin James Zuiker, although more culpable, received a lesser term of imprisonment.

Once it was clear that Kacvinsky was ineligible for the Safety Valve, he was sentenced to the minimum sentence legally possible, which was actually below the Guidelines range and lower than the sentence sought by the United States. Comparison with Zuiker's sentence does not help Kacvinsky because Zuiker did not have Kacvinsky's criminal history and thus was able to benefit from the Safety Valve. An additional factor that differentiated Zuiker from Kacvinsky is that while movant was on pretrial release, he tested positive for drug use. For that conduct the Court could easily have denied him the offense level reduction for acceptance of responsibility. However, the Court did not.

7

Lastly, nowhere in his Motion does Kacvinsky ask to withdraw his guilty plea or assert his innocence; his sole complaint seems to stem from what he perceives to be an unfair sentence. The Court was bound by the mandatory minimum, and considering the severity of the crime, Kacvinsky's prior criminal history, and his behavior while on supervised release, the Court acted generously in sentencing him to the minimum term allowed. As such, there was no miscarriage of justice in this case.

### III. Conclusion

For the reasons stated above, Kacvinsky's Motion to Vacate [63] will be dismissed by an Order to be issued with this Memorandum Opinion.

Entered this 18th day of June, 2010.

Alexandria, Virginia

/s/ Leonie M. Brinkema
United States District Judge